**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-39668-RTL |
| Diane Dreyer, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Judge Raymond T Lyons |
| ) | |
| _____) | |
| ) | |
| Diane Dreyer ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding |
| vs. ) | |
| ) | No. |
| EDUCAP, INC., AMERICAN ) | |
| EDUCATION SERVICES, NATIONAL ) | |
| COLLEGIATE TRUST, WELLS FARGO ) | |
| BANK, N.A., BANK OF AMERICA, N.A.,) | |
| CITIBANK, N.A., ) | |
| Defendants. ) | |

**Preliminary Statement**

1. This is a complaint to determine the dischargeability of the debts owed by the debtor to the defendants, on the grounds that repayment of these debts would constitute an undue hardship to the debtor and her dependents, pursuant to 11 U.S.C. §523(a)(8)(B).

**Jurisdiction and Venue**

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case, <u>In re Diane Dreyer</u>, Case No. 10-39668, filed with the Clerk of the Bankruptcy Court for the District of New Jersey on September 26, 2010.

3. This Court has jurisdiction over this action under 28 U.S.C. § 1334.

1. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. Venue is proper in this district under 28 U.S.C. § 1409(a).

**Parties**

1. Plaintiff, Diane Dreyer, is an individual residing in South River, New Jersey, and is the debtor in Case No. 10-39668.
2. Defendant EduCap, Inc. (hereinafter "EduCap") is a foreign corporation qualified to do business in New Jersey.
3. Defendant American Education Services (hereinafter "AES") is a foreign corporation qualified to do business in New Jersey.
4. Defendant Bank of America, N.A. (hereinafter "Bank of America" is a foreign corporation qualified to do business in New Jersey.
5. Defendant National Collegiate Trust (hereinafter "NCS") is a foreign corporation qualified to do business in New Jersey.
6. Defendant Wells Fargo, N.A. (hereinafter "Wells Fargo") is a foreign corporation qualified to do business in New Jersey.
7. Defendant Citibank, N.A. (hereinafter "Citibank") is a foreign corporation qualified to do business in New Jersey.

**Statement of Facts**

1. Debtor filed her Chapter 13 petition on September 26, 2010.
2. Debtor's petition was converted to a Chapter 7 petition on January 13, 2011.
3. Among the unsecured debts owing by the Debtor and listed in Schedule F are student loans now owed to EduCap, Bank of America, AES, NCT, Citibank and Wells Fargo.
4. These loans were incurred to pay expenses for debtor's son at Rochester Institute of Technology.
5. Debtor has made reasonable efforts to pay these loans.
6. Debtor has requested modified payment plans, payment plans based on income and other accommodations, but was denied by the defendants.
7. Defendants have continued to take actions to collect the student loan debt from debtor.
8. The balance claimed to be due as of March 25, 2011 to Bank of America is twelve thousand three hundred ninety-three dollars and no cents ($12,393.00).
9. The balance claimed to be due as of March 25, 2011 to Citibank is one thousand six hundred thirty-seven dollars and no cents ($1,637.00).
10. The balance claimed to be due as of March 25, 2011 to Wells Fargo is twelve thousand eight hundred twenty-four dollars and no cents ($12,824.00).
11. The balance claimed to be due as of March 25, 2011 to Bank of America is twelve thousand three hundred ninety-three dollars and no cents ($12,393.00).
12. The balance claimed to be due as of March 25, 2011 to AES and NCT is thirty-eight thousand

six hundred twenty-seven dollars and no cents ($38,627.00)

13. The balance claimed to be due as of March 25, 2011 to EduCap is thirteen thousand one hundred sixty-four dollars and forty-eight cents ($13,164.48).
14. Debtor is currently employed full time as a bookkeeper at the rate of twenty-one dollars and no cents ($21.00) per hour, which barely suffices for the necessities of life for herself and her dependent. (See Debtor's Filed Schedule J attached hereto as Exhibit "A")
15. The Debtor has no current or anticipated available income or resources with which to pay the aforementioned loan and any payments on that loan could be made only at great hardship to the Debtor and her children.
16. For the foreseeable future, repayment of the student loans will constitute a great hardship to the debtor and her dependents.
17. Debtor has made good faith efforts to repay her student loans.
18. Denial of discharge would impose undue hardship on the debtor and the debtor's dependents.

WHEREFORE, the Debtor prays that this Court:

a. enter an Order declaring the student loan debt of the Debtor to be dischargeable in this bankruptcy case;

b. preliminarily and permanently enjoin defendants from taking any action to enforce the debt owed to Bank of America, or its assignees, Educap, or its assignees, Wells Fargo, or its assignees, Citibank, or its assignees, AES, or its assignees, or NCT, or its assignees;

c. grant such other, further and different relief as may be just and proper.

**THE TOMES LAW FIRM, P.C.**
150B TICES LANE
EAST BRUNSWICK, NJ 08816

EDWARD HANRATTY, ESQ.

DATED: MARCH 25, 2011

**EXHIBIT A**

In re  Diane Dreyer  　　　　　　　　　　　　　　　　　　Case No. _____
　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

1. Rent or home mortgage payment (include lot rented for mobile home)　　　　　　　　　　　　$ 979.00
　　a. Are real estate taxes included?　　Yes ✓　　No ____
　　b. Is property insurance included?　　Yes ____　No ✓
2. Utilities: a. Electricity and heating fuel　　　　　　　　　　　　　　　　　　　　　　　　$ 82.00
　　b. Water and sewer　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 0.00
　　c. Telephone　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 75.00
　　d. Other  Internet　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 30.00
3. Home maintenance (repairs and upkeep)　　　　　　　　　　　　　　　　　　　　　　　　$ 25.00
4. Food　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 200.00
5. Clothing　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 40.00
6. Laundry and dry cleaning　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 50.00
7. Medical and dental expenses　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 75.00
8. Transportation (not including car payments)　　　　　　　　　　　　　　　　　　　　　　$ 80.00
9. Recreation, clubs and entertainment, newspapers, magazines, etc.　　　　　　　　　　　　$ 30.00
10. Charitable contributions　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 0.00
11. Insurance (not deducted from wages or included in home mortgage payments)
　　a. Homeowner's or renter's　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 12.50
　　b. Life　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 36.00
　　c. Health　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 90.00
　　d. Auto　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 0.00
　　e. Other_____　　　　　　$ 0.00
12. Taxes (not deducted from wages or included in home mortgage payments)
(Specify)_____　$ 0.00
13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)
　　a. Auto　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 247.16
　　b. Other _____　　　　　　$ 0.00
　　c. Other _____　　　　　　$ 0.00
14. Alimony, maintenance, and support paid to others　　　　　　　　　　　　　　　　　　$ 0.00
15. Payments for support of additional dependents not living at your home　　　　　　　　　$ 0.00
16. Regular expenses from operation of business, profession, or farm (attach detailed statement)　$ 0.00
17. Other _____ Personal care, emergency funds _____　$ 220.00
18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and,　$ 2,271.66
if applicable, on the Statistical Summary of Certain Liabilities and Related Data)
19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
　　Rent is increasing to $999 and her job is relocating to another town so gas money will increase

20. STATEMENT OF MONTHLY NET INCOME
　　a. Average monthly income from Line 15 of Schedule I　　　　　　　　　　　　　　　$ 2,326.14
　　b. Average monthly expenses from Line 18 above　　　　　　　　　　　　　　　　　　$ 2,271.66
　　c. Monthly net income (a. minus b.)　　　　　　　　　　　　　　　　　　　　　　　　$ 54.48